**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**David Lee TOWNSEND,
Defendant–Appellee.**

**No. 93–4187.**

United States Court of Appeals,
Tenth Circuit.

Aug. 25, 1994.

Wayne T. Dance, Asst. U.S. Atty. (Scott M. Matheson, Jr., U.S. Atty. and Mark K. Vincent, Sp. Asst. U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellant.

Benjamin P. Knowlton, Salt Lake City, UT, for defendant-appellee.

---

1. The parties' motion to submit additional briefs is denied.

Before KELLY and McKAY, Circuit Judges, and ROSZKOWSKI,† Senior District Judge.

PAUL J. KELLY, Jr., Circuit Judge.

The government appeals from the district court's sua sponte reduction of David Townsend's sentence for his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g), twenty-one days after sentence was orally imposed. We have jurisdiction under 18 U.S.C. § 3742(b)(1) and we reverse.

## Background

Pursuant to a plea agreement, Mr. Townsend was sentenced on August 13, 1993, to 84 months imprisonment with three years supervised release for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In sentencing Mr. Townsend, the district court rejected Mr. Townsend's request to depart downward from the Guidelines for lack of youthful guidance, U.S.S.G. § 5H1.12. The court reasoned that Mr. Townsend would be serving a concurrent state sentence that exceeded eighty-four months and therefore would not suffer greater punishment by the imposition of this sentence.

On September 3, 1993, before a written judgment and sentence were filed with respect to Mr. Townsend, the court scheduled a resentencing hearing on its own motion in which it resentenced him to a lesser sentence of sixty months as a result of a downward departure for the "totality of the circumstances." The government appeals from this new sentence, arguing that under Fed. R.Crim.P. 35(c) the district court lacked jurisdiction to correct Mr. Townsend's sentence upon the expiration of seven days from the date sentence was orally imposed.

## Discussion

Fed.R.Crim.P. 35(c) provides: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." This appeal requires us to define what Congress meant by "imposition of sentence."

■ It is well established that a sentence orally imposed governs a conflicting, later-written sentence of the court. *United States v. Sasser*, 974 F.2d 1544, 1562 (10th Cir.1992) (citing *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir.1987) (en banc)). This rule is grounded in the Sixth Amendment which requires that a defendant be physically present at sentencing. *Villano*, 816 F.2d at 1452. When a judgment of conviction containing the sentence is officially entered of record, only members of the clerk's office are present. *See* Fed.R.Crim.P. 32(b)(1), 55. This cannot be what Congress meant in Rule 35(c) by "imposition of sentence" in light of the Sixth Amendment. We hold, therefore, that sentence is imposed upon a criminal defendant, for purposes of Rule 35(c), when the court orally pronounces sentence from the bench. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993) ("The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant.").

■ Thus, the district court had jurisdiction to correct Mr. Townsend's sentence for clerical or technical errors until August 20, 1993. Because the district court attempted to alter Mr. Townsend's sentence outside this seven day period, it acted outside its jurisdiction. Accordingly, we REVERSE and REMAND for resentencing in accordance with the sentence orally imposed on August 13, 1993.

McKAY, Circuit Judge, concurring:

I agree with the court that the term "imposition of sentence" as used in the Federal Rules of Criminal Procedure means the time when the court orally pronounces sentence from the bench. However, I believe the result in this case is dictated by an additional principle. I do not believe the court can do what it did here even within the seven-day period provided by Rule 35(c). The Committee Notes accompanying the 1991 amend-

† The Honorable Stanley J. Roszkowski, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

ment of subdivision (c) make clear that Congress, on the recommendation of the Federal Courts Study Committee, has rejected the rationale of *United States v. Smith,* 929 F.2d 1453, 1457 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991), and *United States v. Earley,* 816 F.2d 1428, 1433–34 (10th Cir.1987), to the extent that those cases suggested that the court's power of correction was for any reason. The Committee has made that abundantly clear when it said:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.*

Fed.R.Crim.P. 35, Notes of Advisory Committee on Rules—1991 Amendment, 18 U.S.C.App. 856 (Supp. IV 1992).

The Committee Notes drive the final nail in the coffin of those erroneous cases when discussing the rejection of a proposed 120–day rule "based on new factual information not known to the defendant at the time of sentencing." *Id.* The Committee said:

> Unlike the proposed subdivision (c) which addresses obvious technical mistakes, the ability of the defendant (and perhaps the government) to come forward with new evidence would be a significant step toward returning Rule 35 to its former state. The Committee believed that such a change would inject into Rule 35 a degree of postsentencing discretion which would raise doubts about the finality of determinate sentencing that Congress attempted to resolve by eliminating former Rule 35(a). It would also tend to confuse the

jurisdiction of the courts of appeals in those cases in which a timely appeal is taken with respect to the sentence.

*Id.* Thus, Congress has made clear that "other clear error" as used in the Rule does not contemplate reassessment of the evidence or reassessment of the applicable guidelines, or allow the court to "change its mind about the appropriateness of the sentence." Thus, I believe the Committee has put an end to the mischief created by the misinterpretation of dicta in *United States v. DiFrancesco,* 449 U.S. 117, 134, 101 S.Ct. 426, 435, 66 L.Ed.2d 328 (1980).

Lest any negative implication be drawn from these comments, I hasten to add that the Committee has also made clear that the seven-day rule contained in subdivision (c) does not bar a defendant detained pursuant to an illegal sentence from seeking relief under 28 U.S.C. § 2255 after the seven-day period provided in Rule 35(c) has elapsed.