**UNITED STATES of America, Plaintiff,**

v.

**James William FOWLER, Defendant.**

No. 94–40032–01–SAC.

United States District Court,
D. Kansas.

July 11, 1995.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for defendant.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for plaintiff.

## MEMORANDUM AND ORDER

CROW, District Judge.

On March 13, 1995, James William Fowler entered a plea of guilty to count 2 of the indictment. In exchange for his plea, the government agreed, *inter alia*, to dismiss the remaining counts of the indictment. On July 7, 1995, the court orally pronounced sentence on the defendant. Unfortunately, the court repeatedly erred during the pronouncement of sentence. Throughout the sentencing hearing, the court mistakenly referred to sentencing the defendant on count 1, rather than count 2, of the indictment. At the close

of the sentencing hearing, the court accepted the government's motion to dismiss counts 1, 3 and 4 of the indictment. Neither the government nor the defendant objected during the sentencing hearing.

This case comes before the court upon its own motion pursuant to Fed.R.Crim.P. 35(c), which provides:

> The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical or other clear error.

In pertinent part, the advisory committee notes provide:

> The subdivision does not provide for any formalized method of bringing the error to the attention of the court and recognizes that the court could *sua sponte* make the correction. Although the amendment does not expressly address the issue of advance notice to the parties or whether the defendant should be present in court for resentencing, the Committee contemplates that the court will act in accordance with Rules 32 and 43 with regard to any corrections of sentence.

Notes of Advisory Committee on Rules, 1991 Amendment. The Tenth Circuit has held "that sentence is imposed upon a criminal defendant, for purposes of Rule 35(c), when the court orally pronounces sentence from the bench." *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir.1994).

By this order, the court corrects the sentence orally imposed on July 7, 1995. All references to imposing a sentence under "Count 1" are stricken and in their place "Count 2" is substituted. The Judgment and Commitment shall correctly reflect the sentence imposed.

Any objection to this procedure shall be made in writing within three days of the date this memorandum and order is filed.[1]

---

1. Because the correction made by this order does

not make the defendant's sentence more onerous

___

or involve any question of fact, the court does not believe that it is necessary to conduct a new sentencing hearing; the sole purpose of this memorandum and order is to correct an obvious mistake in the orally pronounced sentence. *See* Fed.R.Crim.P. 43; Cf., *United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991) ("[W]here the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous.").

