UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4354

WINSTON MICHAEL EVANS, a/k/a
Mike Evans,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-374)

Submitted: February 26, 1998

Decided: March 18, 1998

Before WILKINS, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel M. McEachin, Jr., Florence, South Carolina, for Appellant.
William Earl Day, II, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Winston Michael Evans pled guilty to conspiracy to possess marijuana, cocaine, and crack cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1994). He appeals his conviction and 97-month sentence. Evans' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that in his view there are no meritorious issues for appeal. Evans was notified of his right to file a pro se supplemental brief, but has not done so. We find the claims raised by counsel to be without merit and, after a review of the record, we affirm the conviction and sentence.

First, Evans contests the extent of the substantial assistance departure he received. See USSG § 5K1.1, p.s.* We lack jurisdiction to review the extent of a downward departure absent a showing that the sentence imposed was in violation of law or resulted from an incorrect application of the sentencing guidelines. See United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). Evans has not made the required showing.

Second, Evans challenges the district court's failure to give him a mitigating role adjustment. See USSG § 3B1.2. Evans did not contest his role in the offense at sentencing, but requested a minimal role adjustment in a post-sentencing motion. The district court was without authority to reconsider the application of the guidelines after sentence had been pronounced. See United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3308 (U.S. Oct. 20, 1997) (No. 97-698). We find that the district court did not plainly err in failing to award Evans a minimal or minor role adjustment. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (to obtain relief on unpreserved issue, appellant must show that error

_____

*U.S. Sentencing Guidelines Manual (1994).

2

occurred, that it was plain, was prejudicial to him, and seriously affected the fairness, integrity and public reputation of the court). Evans was primarily a drug user, but on one occasion he drove another conspirator, Wayne McKenzie from South Carolina to Florida and back to facilitate the purchase of a kilogram of crack and shield conspirator Lafayette Bradford, who wished to keep his distance from the transaction. Evans was paid by Bradford for making the trip. On his return to South Carolina, Evans delivered the kilogram of cocaine to Rex Matthews, the real purchaser. On these facts, we cannot say that Evans was plainly due a mitigating role adjustment.

Finally, Evans challenges the penalties for crack offenses on equal protection grounds. We have consistently rejected such arguments. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997 (No. 96-6868).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3