**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4851

BENJI BOE HAMBY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-95-113)

Submitted: May 10, 2000

Decided: May 24, 2000

Before WILKINS and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryan Emery Gates, Jr., Winston-Salem, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Arnold L. Husser,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Benji Boe Hamby appeals the district court's amended judgment and commitment order. Hamby claims that the court was without authority to amend the judgment and commitment order. Finding no reversible error, we affirm.

We review de novo the question of whether the district court had the authority to amend a judgment. See United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997). Under Rule 36 of the Federal Rules of Criminal Procedure, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments." See United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995). A court's unambiguous oral sentence is not negated by a subsequent written judgment that does not reflect the oral sentence. See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). "[W]e should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965).

We find that the district court properly amended the judgment and commitment order to accurately reflect the court's oral sentence. The amended judgment did not enhance Hamby's sentence beyond what was stated in the oral pronouncement. Nor did it include provisions not mentioned at sentencing. Furthermore, because the court merely amended the judgment to conform to the oral sentence, Hamby was not entitled to notice. See Rule 36; see also Werber, 51 F.3d at 347. Nor was Hamby's right to due process violated because the district court waited seven months to amend the judgment.

2

Accordingly, we affirm the amended judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3