UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                    No. 01-4438

EDWIN ALEXANDER TONEY,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-308)

Submitted: September 28, 2001

Decided: October 16, 2001

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed and remanded by unpublished per curiam opinion.

---

### COUNSEL

Louis C. Allen III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Edwin Alexander Toney pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to a term of 108 months imprisonment. Toney contends on appeal that the district court erred by making the sentence consecutive to the undischarged state sentence Toney was serving without considering factors set out in 18 U.S.C.A. § 3553(a) (West 2000), and the commentary to *U.S. Sentencing Guidelines Manual* § 5G1.3(c), p.s. (2000). We affirm the sentence.

Toney maintains that the district court erred in not making explicit findings concerning the factors set out in the commentary to § 5G1.3(c). We disagree. We are satisfied from our review of the record that the district court was aware of its sentencing options, of the applicable statutes and guidelines, and was familiar with the facts of this case. The sentencing court is not required to make specific findings as to each of the § 3553(a) factors. *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998); *United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998).

However, the district court's oral pronouncement of a consecutive sentence on May 15, 2001, conflicts with the judgment and commitment order of June 4, 2001, which states that the sentence is to run concurrently with any other sentence Toney may be serving. Ordinarily, the oral pronouncement of the sentence governs. *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962); *see also United States v. Daddino*, 5 F.3d 262, 266 & n.5 (7th Cir. 1993) (collecting cases recognizing general rule). Further, under Rule 35(c) of the Federal Rules of Criminal Procedure, sentence is imposed when it is orally pronounced. *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997). Rule 35(c) gives the district court seven days after imposition of a sentence to correct any arithmetical, technical, or other clear

error. *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999). Thereafter, the court may not alter the sentence; a delay in the entry of judgment does not provide the court with an opportunity to change its mind about the sentence. *Layman*, 116 F.3d at 108-09. The conflict between the orally pronounced sentence and the judgment order is thus deemed to be a clerical error which may be corrected at any time. Fed. R. Crim. P. 36.

We therefore affirm the sentence, but remand the case to the district court to correct the clerical error in the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*