**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4821**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS WAYNE SIMMONS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  James C. Turk, Senior
District Judge.  (CR-03-97)

———————

Submitted:  February 18, 2005          Decided:  May 27, 2005

———————

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded with instructions
by unpublished per curiam opinion.

———————

Eric N. Strom, CAMPBELL, MILLER, ZIMMERMAN, Leesburg, Virginia, for
Appellant.  John L. Brownlee, United States Attorney, Joseph W. H.
Mott, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury found Dennis Wayne Simmons guilty of one count of conspiracy to possess and distribute less than 500 grams of cocaine and less than 5 grams of methamphetamine, one count of distribution of less than 500 grams of methamphetamine, and four counts of being a controlled substance user in possession of a firearm. Simmons was sentenced to 144 months' imprisonment. Three days after sentencing, the Supreme Court issued Blakely v. Washington, 124 S. Ct. 2531 (2004). Simmons filed a motion to reconsider. He further subsequently voluntarily dismissed his appeal to this court. Nearly three months after sentencing, the court considered the motion to reconsider and found it was without jurisdiction to change the sentence. Simmons filed a notice of appeal from the order denying the motion to reconsider and the judgment of conviction. On appeal, Simmons contends his notice of appeal was timely as to the judgment of conviction, despite the fact the notice was filed more than ten days after the entry of judgment. Simmons further argues the sentencing enhancements were improper under Blakely. While we affirm the convictions, we vacate and remand the sentence with instructions.

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Supreme Court has

held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to the full time period for noticing the appeal after the motion to reconsider has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Healy, 376 U.S. 75, 77-79 (1964) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same).

Simmons filed the motion to reconsider seven business days after the oral pronouncement of the sentence. See Fed. R. Crim. P. 45 (computing time). Thus, the motion was timely and was filed before the sentence became final. See, e.g., United States v. Shank, 395 F.3d 466, 469 (4th Cir. 2005) (the seven day period under Rule 35 runs from the imposition of the sentence). Simmons subsequently filed a timely notice of appeal after the motion to reconsider was denied. Thus, the notice of appeal was timely as to the judgment of conviction and the order denying the motion to reconsider.

At sentencing, the district court added points to the offense level for an amount of methamphetamine above what was found by the jury, and additional points were added for possession of a firearm. Simmons argued at sentencing this was in violation of the

- 3 -

rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). In his motion to reconsider, he argued the sentence was in violation of the rule announced in Blakely v. Washington, 124 S. Ct. 2531 (2004).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The Supreme Court further found enhanced sentences based upon facts found by the court alone violated the Sixth Amendment. Id. Accordingly, the guidelines were stripped of their mandatory nature. The district court's discretion in issuing a sentence is not bound by the guidelines. The guidelines are now advisory and the district court may now impose a sentence within the range prescribed by the statute of conviction, as long as the sentence is reasonable. Id. at 546-47. Because the district court increased the offense level for drug quantity and possession of a firearm and applied the sentencing guidelines' range as mandatory instead of advisory, we must vacate the sentence and remand for resentencing.[*]

---

[*]Simmons contends he may be sentenced only up to the maximum for the least-punished drug offense on which that conspiracy is based. See United States v. Rhynes, 196 F.3d 207, 238 (4th Cir. 1999), vacated in part on other grounds on reh'g en banc, 218 F.3d 310 (4th Cir. 2000). The jury found Simmons guilty of conspiracy

We further note that when the district court considered Simmons' motion to reconsider, it was without jurisdiction to correct or modify the sentence. See Shank, 395 F.3d at 469 (jurisdiction to correct a sentence under Rule 35 must lapse seven days after sentencing); United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) (the district court may not simply reconsider the application or interpretation of the sentence and the sentencing guidelines after the imposition of sentence).

We affirm the convictions and vacate and remand the sentence for resentencing consistent with the rules announced in Booker and Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART
AND REMANDED WITH INSTRUCTIONS

---

to distribute both methamphetamine and cocaine. The statutory maximum sentence is the same for both drugs. See 21 U.S.C. § 841(b)(1)(C) (2000). On remand, the court remains free to consider the quantity of cocaine and methamphetamine, determined by a preponderance of the evidence, attributed to Simmons. As stated above, the range of imprisonment under the sentencing guidelines is now advisory rather than mandatory.