**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4030

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JOHN J. PHILLIPS,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-04-448)

———————

Submitted: August 4, 2006        Decided: August 14, 2006

———————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————

Vacated and remanded with instructions by unpublished per curiam opinion.

———————

Paul J. McNulty, United States Attorney, Stephanie Bibighaus Hammerstrom, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. Edward S. Rosenthal, Cary S. Greenberg, Caroline E. Costle, Lana M. Manitta, RICH, GREENBERG, ROSENTHAL & COSTLE, L.L.P., Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John J. Phillips pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to 46 months of imprisonment, the low end of the appropriate guidelines range. On Phillips' motion for reconsideration, the district court modified his sentence to 30 months of imprisonment based on his "age and his health related difficulties." J.A. 154. The government now appeals, arguing that the district court was without authority to modify Phillips' sentence. We vacate the modified sentence and remand with instructions to impose the sentence as originally pronounced.

Fed. R. Crim. P. 35(a) allows a district court to alter a sentence only to "correct a sentence that resulted from arithmetical, technical, or other clear error." The authority of the district court to modify a sentence pursuant to Rule 35(a) is limited. See United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997).[1] Rule 35(a) "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind

---

[1]Layman was decided under the former Rule 35(c), which has since been amended and renamed as the current Rule 35(a). The advisory committee's note to the relevant 2002 amendments provides that "no change in practice is intended" by the slight change in wording. United States v. Shank, 395 F.3d 466, 468 n.3 (4th Cir. 2005) (internal punctuation omitted).

2

about the appropriateness fo the sentence." Id. (internal punctuation omitted).

Before pronouncing its original sentence, the district court explicitly took into account Phillips' age and health related issues. J.A. 128 ("Your doctors have outlined the serious health issues that you have and your age 62"). The district court later modified Phillips' sentence based solely upon his age and health. J.A. 154. We conclude that this modification was not prompted by "arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), "but rather was the product of a change of heart by the sentencing judge," Layman, 116 F.3d at 109.[2] Accordingly, the modified sentence is improper.

We therefore vacate the modified sentence and remand with instructions to impose the sentence as originally pronounced. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED WITH INSTRUCTIONS

---

[2]Notwithstanding Phillips' arguments to the contrary, we find no merit to his contention that United States v. Booker, 543 U.S. 220 (2005), altered our precedent regarding the modification of sentences under Rule 35(a).

3