**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4119**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOHN JACKSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Peter J. Messitte, Senior District
Judge.   (8:06-cr-00257-PJM)

Submitted:  February 29, 2008     Decided:  November 20, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leonard R. Stamm, Andrea Hayduk, GOLDSTEIN & STAMM, P.A.,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Hollis Raphael Weisman, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Jackson was tried before a magistrate judge for unsafe operation of a vehicle, driving under the influence of alcohol, and driving under the influence of alcohol per se in violation of 36 C.F.R. §§ 4.22, 4.23(a)(1), (a)(2) (2008). The magistrate judge found him guilty and sentenced him to two thirty-day periods of incarceration to be served consecutively to the state sentence he was then serving. The district court affirmed Jackson's conviction and sentence on appeal.

On appeal to this court, Jackson raises two issues: (1) whether the magistrate judge erred by allowing into evidence the results of his blood tests; and (2) whether the magistrate judge erred by failing to alter his sentences and impose them concurrently, in violation of Fed. R. Crim. P. 35(a). For the reasons that follow, we affirm.

Jackson's first argument is precluded by our recent decision in United States v. Washington, 498 F.3d 225 (4th Cir. 2007), cert. denied, 129 S. Ct. 2527 (2009). We find no grounds under Fed. R. Crim. P. 35(a) for the magistrate judge to have altered Jackson's sentence. United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) (noting a sentencing court's authority to correct clear error in sentencing under Rule 35 is "severely limited") (citation omitted). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>