**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4492**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

RUDOLPH WASHINGTON SPRINGER,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20−cr−00183−BO−11)

───────────

Submitted:  October 3, 2022                    Decided:  October 19, 2022

───────────

Before WILKINSON, AGEE, and HEYTENS, Circuit Judges.

───────────

Vacated and remanded with instructions by unpublished per curiam opinion.

───────────

**ON BRIEF:** Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rudolph Washington Springer appeals the enhancement applied under U.S.S.G. § 3A1.2(c)(1) to his sentence for trafficking cocaine. We find no merit to his appeal. Separately, we hold that the district court acted without jurisdiction in reducing Springer's 275-month prison sentence while fixing an unrelated clerical error. We thus vacate that sentence and remand with instructions to impose the sentence originally pronounced, except as to the clerical error that the district court properly identified.

I.

In February 2020, a Drug Enforcement Administration (DEA) investigation into cartel-linked cocaine trafficking led to the attempted traffic stop of Rudolph Washington Springer. Refusing to stop, Springer was soon encircled by police cars, one of which was unmarked. Springer rammed into the unmarked car—which was blocking his path through an intersection—and successfully dislodged it. He then sped away, ultimately causing a multi-vehicle wreck and fleeing on foot before a police dog caught up with him. Investigators found 0.5 kilograms of cocaine in Springer's car. Based on statements later provided by Springer and two informants, the investigators concluded that Springer and his brother had purchased at least 30 kilograms of cocaine from cartel-linked traffickers since 2018.

In May 2021, Springer pled guilty—without a plea agreement—to two counts of cocaine trafficking. The district court sentenced him in August to concurrent prison terms of 275 months and a period of supervised release. Springer's sentence adhered to the guideline range, which factored in an enhancement pursuant to U.S.S.G. § 3A1.2(c)(1):

> If, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom . . . increase [the defendant's total offense level] by 6 levels.

The district court concluded, in keeping with the presentence investigation report (PSR), that Springer qualified for the enhancement because he had driven into the unmarked police car. When specifying the duration of Springer's supervised release, the district court misspoke, referring to "six years on Count Four" instead of "four years on Count Six." J.A. 45, 50.

One week later, the district court reconvened the parties to fix this "clerical" error. J.A. 50. Springer took the occasion to protest the length of his prison sentence, lamenting that "ghost dope" had factored into the quantification of his total cocaine purchase. J.A. 51. "How did I get charged for all of this cocaine when I never had that amount?" he asked. J.A. 52. The district court requested that defense counsel go over the prison sentences of others linked to the cocaine-trafficking operation. The district court then, citing an attempt to "be proportional and responsible here and do the right thing," decreased Springer's sentence to 210 months of imprisonment. J.A. 56.

Springer timely appealed.

## II.

Springer contends that the district court committed plain error by imposing the enhancement under U.S.S.G. § 3A1.2(c)(1). Springer argues that, since the car he rammed was *unmarked*, he lacked "reasonable cause to believe that a person [therein] was a law enforcement officer," as the sentencing provision requires. Springer's position neglects,

3

however, key contextual cues that made the unmarked car likely to be affiliated with law enforcement. Springer was surrounded by *marked* police cars attempting to pursue him, and the unmarked vehicle was, in concert, "attempting to stop [him] at an intersection." J.A. 83. Springer was plainly fleeing the police. He was in no happenstance collision on the open road. Considering these circumstances, the district court did not err, much less plainly err, by concluding that Springer knew he was slamming his car into a police vehicle. *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). Since the enhancement was properly applied, the district court did not procedurally err, as Springer further argues, when calculating the guideline range.

## III.

While correctly imposing the enhancement, the district court later exceeded its jurisdiction by altering the length of Springer's 275-month prison sentence under Federal Rule of Criminal Procedure 35(a). "[A] sentence is imposed . . . when it is orally pronounced by the district court." *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997). Rule 35(a) permits modifications of the sentence, within a fourteen-day period, for "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This window is not "for the court simply to change its mind about the appropriateness of the sentence." *Layman*, 116 F. 3d at 108 (quoting Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment). Rather, Rule 35(a) only gives the sentencing court "the authority to modify a sentence to correct an acknowledged and obvious mistake." *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989).

4

Here, the district court correctly identified one such mistake in its initial sentence. "[S]ix years on Count Four" was an inversion of what the district court had intended to say: "*four* years on Count *Six*." J.A. 50 (emphasis added). But the district court went on to substantively reduce Springer's prison sentence by 65 months. While Springer casts this reduction as addressing a "perceived arithmetical error," the district court's own words suggest otherwise. Appellant Reply Br. 4. Before announcing the new sentence's length, the district court emphasized the relative severity of Springer's sentence compared with those of other defendants and cited a desire to "be proportional and responsible here and do the right thing." J.A. 56. There had not been, moreover, an "arithmetical error" in sentencing Springer for trafficking 30 kilograms of cocaine. That quantity came directly from the presentence investigation report to which Springer did not object. In sum, neither Rule 35(a) nor a "change of heart" permitted the district court to reduce the length of Springer's 275-month prison sentence. *Layman*, 116. F.3d at 109.

IV.

For the foregoing reasons, we hold that the district court did not err by applying the sentencing enhancement under U.S.S.G. § 3A1.2(c)(1) and that the district court had no jurisdiction to substantively revise Springer's sentence once it was pronounced. We thus vacate the revised sentence and remand with instructions to impose the original sentence as pronounced, except as to the clerical error that the district court corrected pursuant to Rule 35(a).

*VACATED AND REMANDED WITH INSTRUCTIONS*