UNITED STATES of America, Plaintiff–Appellee,

v.

Miguel NAVARRO–ESPINOSA, Defendant–Appellant.

No. 93–10484.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 1994 *.

Decided July 26, 1994.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Erik J. Sivesind, Law Offices of Jerrold M. Ladar, San Francisco, CA, for defendant-appellant.

Andrew M. Scoble, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.

Opinion by Judge SCHROEDER.

SCHROEDER, Circuit Judge:

Miguel Navarro–Espinosa appeals his conviction and sentence for conspiracy to distribute heroin, 21 U.S.C. § 846; distribution of heroin, 21 U.S.C. § 841(a)(1); and aiding and abetting distribution of heroin, 18 U.S.C. § 2. His challenges to the underlying conviction are without merit and can be disposed of easily. His challenge to the district court's authority to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(c) detains us longer, but we nevertheless affirm. We deal with that issue first.

Defendant's presentence report recommended a sentence of 10 years' imprisonment, followed by 4 years of supervised release. The report also detailed several recommended conditions of supervised release. Defendant did not object to any of the recommended conditions. At the sentencing hearing on June 25, 1993, the court in pronouncing sentence adopted the recommendations of the presentence report, but inadvertently neglected to mention the conditions of supervised release detailed therein. At. defendant's request, the court delayed formal entry of defendant's conviction and sentence.

On July 12, 1993, the government moved to correct defendant's sentence by adding the conditions of release, and the appellant objected. The court held a hearing on July 23, at which time a judgment and sentence had still not been formally entered. The court at that hearing ordered that the sentence be corrected, pursuant to Fed.R.Crim.P. 35(c), to include the conditions of supervised release. The judgment and sentence, with the release conditions, were subsequently entered on July 29, 1993.

In this appeal, appellant contends that the district court lacked the power to correct his sentence on July 23, because it was acting more than seven days after his sentence was imposed. He relies upon Rule 35(c), which provides:

**(c) Correction of Sentence by Sentencing Court.**

The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

Appellant correctly points out that the phrase "imposition of sentence" is a term of art that generally refers to the time at which a sentence is orally pronounced. *See* Fed. R.Crim.P. 43(a) ("the defendant shall be present ... at the imposition of sentence"); *cf. United States v. Munoz–Dela Rosa*, 495 F.2d 253 (9th Cir.1974) (if oral imposition of sentence conflicts with later written judgment order, oral pronouncement controls defendant's actual sentence). Defendant therefore argues that the seven-day period in which the district court could correct his sentence in this case began to run on June 25, 1993. Were the seven days to run from that date, the court's correction of sentence on July 23 would have been untimely under Rule 35(c).

The district court recognized that "imposition of sentence" seems to refer to oral sentencing, but concluded that in the context of Rule 35(c), the phrase does not have the same meaning that it has in other rules. In reaching this conclusion, the district court relied heavily on the Advisory Committee Notes accompanying Rule 35(c), which indicate that the drafters intended that sentenc-

ing courts be empowered to correct clearly erroneous sentences within 7 days of the formal entry of judgment.

The commentary states that the committee intended to codify in large part the rules espoused by the Fourth and Second Circuits in *United States v. Cook,* 890 F.2d 672 (4th Cir.1989), and *United States v. Rico,* 902 F.2d 1065 (2d Cir.1990), *cert. denied,* 498 U.S. 943, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990). Fed.R.Crim.P. 35(c) Advisory Committee's Notes (1991 amendment). In those cases, the courts had held that sentencing courts retained the power to correct clearly erroneous sentences within the period for appeal. However, the notes indicate that the committee intended to modify the *Cook* and *Rico* rule somewhat, by making the period for correction of sentence somewhat shorter than the time for appeal to reduce the likelihood of jurisdictional problems in the event of an appeal. As the commentary states:

> At least two courts of appeals have held that the trial court has the inherent authority, notwithstanding the repeal of former Rule 35(a) by the Sentencing Reform Act of 1984, to correct a sentence within the time allowed for sentence appeal by any party under 18 U.S.C. § 3742. *See United States v. Cook,* 890 F.2d 672 (4th Cir.1989) (error in applying sentencing guidelines); *United States v. Rico,* 902 F.2d 1065 (2d Cir.1990) (failure to impose prison sentence required by terms of plea agreement). The amendment in effect codifies the result in those two cases but provides a more stringent time requirement. The Committee believed that the time for correcting such errors should be narrowed within the time for appealing the sentence to reduce the likelihood of jurisdictional questions in the event of an appeal and to provide the parties with an opportunity to address the court's correction of the sentence, or lack thereof, in any appeal of the sentence.

*Id.*

The interpretation of Rule 35 is a difficult issue, for while the intention of the drafters seems fairly clear, the language chosen does not further it. We hope that the Advisory Committee on Criminal Rules will be able to clarify this point.

We need not resolve the Rule 35 issue in this case, however, for the correction before us relates to supervised release; there is an independent rule governing corrections of that nature. Congress has provided that a district court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). It is clear, then, that even if the district court lacked the power to correct defendant's sentence pursuant to Rule 35(c), it was authorized to modify the conditions of defendant's supervised release pursuant to § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(b). Rule 32.1(b) provides:

> **(b) Modification of Probation or Supervised Release.**
>
> A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected. An extension of the term of probation or supervised release is not favorable to the person for the purposes of this rule.

The district court in this case held a hearing before ordering the sentence modified and fully complied with the provisions of Rule 32.1. Accordingly, the sentence as eventually entered in the docket was a valid sentence, regardless of the interpretation given to Rule 35.

We affirm the defendant's conviction for the reasons stated in the district court's thorough order denying Navarro–Espinosa's motion for a new trial. The district court did not err in refusing to grant a continuance to permit Espinosa to locate a witness, for, as the district court pointed out, Espinosa could not show that the witness could likely be obtained if the continuance were granted. *See United States v. Sterling,*

742 F.2d 521, 527 (9th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985). The district court did not err in failing to sever Espinosa's trial from that of co-defendant Magallon. As the district court pointed out, Magallon's counsel actually aided Espinosa's central defense in many respects, and any attacks on Espinosa's credibility were only cumulative of the prosecutor's case. Finally, the extra-judicial statements of a co-conspirator were properly introduced into the case because the requisite showing was made. *See, e.g., Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

AFFIRMED.