46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret STARLEY, Defendant-Appellant.
 No. 94-30240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margaret Starley appeals the denial of her Fed.R.Crim.P. 35(c) motion for correction of her sentence imposed following revocation of supervised release. We affirm.
 
 
 3
 Starley was convicted for possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). The district court granted the government's motion for downward departure from the Sentencing Guidelines range of ten to sixteen months imprisonment, and sentenced Starley to four years probation, with a condition of six months home detention.
 
 
 4
 On January 26, 1994, the district court revoked Starley's probation and sentenced her to twelve months imprisonment and three years supervised release. Judgment was entered on that same date.
 
 
 5
 On February 1, 1994, Starley filed a motion to arrest judgment and correct illegal sentence, contending that the guidelines ranges of ten to sixteen and six to twelve months imprisonment no longer were "available" within the meaning of 18 U.S.C. Sec. 3565(a)(2) because the district court had departed downward to a range of zero to six months at the initial sentencing hearing. The district court denied Starley's motion on June 21, 1994.
 
 
 6
 Rule 35(c) provides that the district court, "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c). The district court has authority to correct a clearly erroneous sentence either within seven days after oral pronouncement of sentence or within seven days after formal entry of judgment. United States v. Navarro-Espinosa, 30 F.3d 1169, 1170-71 (9th Cir.1994) (finding no need to resolve which of the two dates begins the seven-day period). The district court's authority expires after the seven-day period ends. Id. (citing Fed.R.Crim.P. 35(c) Advisory Committee's Notes (1991 amendment)).
 
 
 7
 Here, the district court orally pronounced Starley's sentence and entered judgment on January 26, 1994. Accordingly, on June 21, 1994, the seven-day period for correction of a clearly erroneous sentence had long expired. See id.
 
 
 8
 We therefore AFFIRM the district court's order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3