51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Abel SERRANO, Defendant-Appellant.
 No. 93-30169.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Abel Serrano appeals pro se the district court's order requiring Serrano to apply $25.00 per month from his prison job earnings toward the amount of restitution imposed as a condition of his supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we vacate and remand.
 
 
 3
 The district court must provide a hearing and the assistance of counsel before modifying the terms or conditions of supervised release, unless the modification favors the person subject to supervised release. Fed.R.Crim.P. 32.1(b); United States v. Navarro-Espinosa, 30 F.3d 1169, 1171 (9th Cir.1994).
 
 
 4
 The original conditions of Serrano's supervised release in the judgment and commitment order deferred payment of restitution until after his release from custody. The district court modified that condition by permitting the Bureau of Prisons to apply some of Serrano's prison job wages toward restitution before his release from custody. We disagree with Serrano's broad claim that the district court lacks jurisdiction to modify the terms of his supervised release. See 18 U.S.C. Sec. 3583(e)(2); Navarro-Espinosa, 30 F.3d at 1171. However, the district court erred by failing to provide a hearing and the assistance of counsel before modifying the conditions of Serrano's supervised release to his detriment. See Fed.R.Crim.P. 32.1(b); Navarro-Espinosa, 30 F.3d at 1171.
 
 
 5
 We refuse to consider Serrano's claims that Bureau of Prison officials engaged in misconduct by contacting the district court or that the Bureau of Prisons impermissibly withheld money from his prison job because he did not raise these claims in the district court. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991).
 
 
 6
 We VACATE the district court's order and REMAND for further proceedings as deemed necessary by the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal was filed late, the district court found excusable neglect for the late filing. See Fed.R.App.P. 4(b). The government does not challenge this finding