97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell Paul WATLAMET, Defendant-Appellant.
 No. 96-30066.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 27, 1996.
Decided Sept. 23, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Russell Watlamet pled guilty to one count of aggravated sexual abuse of a minor. He contends that the district court acted without jurisdiction when it revised the sentence it had imposed at a prior hearing. We affirm.
 
 
 3
 Fed.R.Crim.P. 35(c) delineates the scope of a district court's power to revise a criminal sentence prior to remand. A district court "may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error" only if it acts "within 7 days after the imposition of sentence." If the district court fails to act within 7 days, the government or the defendant must appeal to challenge the sentence's legality. Fed.R.Crim.P. 35(a); United States v. Lopez, 26 F.3d 512, 519 n. 8 (5th Cir.1994) ("the seven day limit in Rule 35(c) constitutes a jurisdictional restraint on the district court's power to alter a sentence").
 
 
 4
 There is no dispute that more than a month separates Watlamet's first and second sentencing hearings. Nor is there a dispute that the sentence contemplated at the first hearing differs from the sentence imposed at the second. The issue, therefore, is whether the district court triggered Rule 35(c)'s seven day limit by imposing a sentence at the first hearing. We hold that it did not impose a sentence at that hearing.[1] At sentencing, Watlamet's lawyer proposed incarceration at a tribal facility instead of a federal facility as a means of accommodating Watlamet's serious medical problems, but she acknowledged that arrangements with the tribal facility had not yet been finalized:
 
 
 5
 Another option that we--I put to the Court, and I don't have all of the details confirmed, and if it is an option that the Court would like to pursue, we would need a little bit more work on it and that is ... the Yakima tribal jail at Toppenish is two blocks away from the clinic where [Watlamet's doctors] work.
 
 
 6
 Aware that the Bureau of Prisons had the power to "designate the place of ... imprisonment," 18 U.S.C. § 3621(b), Watlamet's lawyer said that she could not confirm that the tribal facility would be approved. The district court agreed that "tribal incarceration makes a good deal of sense," but qualified its endorsement by explaining that "this would be my determination if assuming [sic] this is all legally proper" and that the parties would still need to "investigate the particulars."
 
 
 7
 Watlamet's argument is that although he was present at the first sentencing hearing, he was unable to hear most of it, and that when Judge Nielsen addressed him directly, Judge Nielsen told him that "it is the order of the Court" that he would be incarcerated for six months at the tribal facility but failed to reiterate that the sentence was tentative. We hold that this omission is of no consequence. Watlamet's lawyer knew that the sentence was contingent on further arrangements, and she could have corrected any possible misapprehension.
 
 
 8
 Because the district court did not impose a sentence at the first hearing, Rule 35(c)'s seven day limit does not apply. The district court had jurisdiction to impose a revised sentence at the second hearing.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We assume without deciding that for purposes of F.R.C.P. 35(c) a sentence is imposed when it is pronounced orally. See United States v. Navarro-Espinosa, 30 F.3d 1169, 1170-71 (9th Cir.1994) (noting that "the phrase 'imposition of sentence' is a term of art that generally refers to the time at which a sentence is orally pronounced," but holding that it was unnecessary to render a definitive interpretation)