[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/25/2000
THOMAS K. KAHN
CLERK

_____

No. 98-5323
_____

D. C. Docket No. 97-8123-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT WILLIAM MORRISON, a.k.a.
Scott Willie Morrison, a.k.a. Donald Aitcheson,
a.k.a. Donald Howard Aitcheson, a.k.a.
Donald Gary Aitcheson,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 25, 2000)**

Before ANDERSON, Chief Judge, CARNES, Circuit Judge and OAKES[*], Senior
Circuit Judge.

_____
[*] Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by
designation.

CARNES, Circuit Judge:

Scott William Morrison appeals his 46 month sentence for reentering the United States without the permission of the Attorney General after deportation, in violation of 8 U.S.C. § 1326(a). His appeal presents us with the question of whether a district court has jurisdiction under Rule of Criminal Procedure 35(c) to correct a sentence if the court sets the sentence aside within seven days of orally pronouncing it in open court but does not impose a new sentence until more than seven days have passed. We answer that question "no."

Pursuant to a written agreement, Morrison pleaded guilty to the crime with which he was charged. The plea agreement stated that Morrison understood he was facing a maximum sentence of two years imprisonment, although it did not guarantee him any sentence. The PSI recommended a sentencing range of 46 to 57 months because of a prior burglary conviction which neither Morrison nor the government had recognized might serve as a predicate for an "aggravated" felony finding that would enhance the maximum sentence from two years to twenty years.

Morrison, of course, objected to that part of the PSI. The details of his objections and the issues they raised about the prior burglary conviction and the plea agreement are not important to our decision of the jurisdictional question before us. Suffice it to say that at the initial sentencing the district court expressed serious misgivings but nonetheless went below the PSI recommended guideline

range of 46 to 57 months – the court said it was "going to deviate, in a sense, from the Sentencing Guidelines because of the requirement that the Government be held to specific performance." The court orally sentenced Morrison to 24 months. That sentence was within the maximum the plea agreement said that Morrison understood he was facing. Those sentencing events, including the initial sentencing, occurred on August 14, 1998.

Soon thereafter the district court's misgivings multiplied, and acting under Rule 35(c) the court <u>sua</u> <u>sponte</u> issued an order vacating Morrison's 24 month sentence. The order vacating the initial sentence was signed on August 19, 1998, which was within the seven-day period specified in the rule. The court then held another sentence hearing, decided that the original sentence had been based upon "mutual mistake," and resentenced Morrison to 46 months imprisonment. That last sentence hearing and the imposition of the new, longer sentence occurred on August 27, 1998, which was thirteen days after the initial sentence was orally imposed. No actual written sentence or judgment was entered in this case until August 28, 1998.

Rule 35(c) provides that: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Morrison argues that the district

3

court's initial sentence was not the result of "arithmetical, technical, or other clear error" if it was error at all, and therefore the correction of it was outside the scope of Rule 35(c). We are less sure of the correct resolution of that dispute than we are about the seven-day issue, so we leave to the side matters involving the nature of any error affecting the initial sentence. For present purposes, we will assume that sentencing Morrison to less than 46 months the first time was technical or clear error correctable under Rule 35(c) if the court had acted soon enough.

Attempting to save the second and longer sentence, the government first argues that Morrison waived the seven-day limitation issue by not raising it in the district court. The problem with that argument is that lack of jurisdiction may be raised at any time, see United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998), and the seven-day limitation contained in Rule 35(c) is a jurisdictional restriction. United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235 (1979), involved a prior version of Rule 35(b) which permitted the sentencing court to act within 120 days in order to reduce a sentence on substantial assistance grounds. The Supreme Court stated that the rule "authorizes district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. The time period, however, is jurisdictional and may not be extended." Id. at 189; see also, United States v. Orozco, 160 F.3d 1309, 1313 (11th Cir. 1998)

4

(recognizing that the one-year period in revised Rule 35(b) is a jurisdictional deadline). Just as the time period specified in Rule 35(b) is jurisdictional, so also is the time period specified in Rule 35(c). See United States v. Yost, 185 F.3d 1178, 1180 n. 3 (11th Cir. 1999)("Rule 35(c) authority is jurisdictional")(dicta); United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2nd Cir. 1995)(collecting cases).

The government's next argument has more meat to it, but is still unavailing. The government contends that "the imposition of sentence," as that phrase is used in the rule refers to the written imposition of sentence or entry of judgment, not to the oral imposition of sentence. If the seven-day jurisdictional period for correcting a sentence under Rule 35(c) does not begin to run until the sentence is reduced to writing or entered as part of the judgment, then the sentence in this case was corrected before it was ever "imposed" and, of course, before seven days had run after it was imposed. On the other hand, if "the imposition of sentence" means or includes the oral imposition of sentence at the sentence hearing, then the seven days began to run on August 14 and ran out before Morrison was resentenced on August 27.

In Yost, 185 F.3d at 1180 n.3, we noted this issue without deciding it. In our opinion in that case, we did tabulate the number of circuits on each side of this issue, concluding that there was a four-to-one, or perhaps four-to-two, split in favor

5

of the view that a sentence is imposed for purposes of Rule 35(c) when it is orally pronounced by the district court. Id. We did not need to align ourselves with either side of the issue in Yost, but the time for choosing a side has come.

We choose the majority side of this issue, agreeing that the Rule 35(c) seven-day window opens upon the oral imposition of sentence and closes seven days thereafter. As the Second Circuit has explained in reaching this same conclusion:

> After the oral imposition of sentence, the court and counsel are in as good a position to notice any "arithmetical, technical, or other clear error" as they would be after formal entry of written judgment. In the event such an error is only recognized later it can be cured by appeal and remand. If the error is only in the later written judgment, purely clerical errors may be corrected by the district court pursuant to Rule 36, and it is always the oral sentence that controls, see [United States v. Werber, 51 F.3d 342 (2d Cir. 1995)] at 347. A contrary rule, interpreting the phrase to refer to the written judgment, would allow district courts to announce a sentence, delay the ministerial task of formal entry, have a change of heart, and alter the sentence--a sequence of events we believe to be beyond what the rule was meant to allow.

Abreu-Cabrera, 64 F.3d at 74 (2d Cir. 1995); accord, United States v. Gonzalez, 163 F.3d 255, 264 (5th Cir. 1998); United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997); United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994);

6

United States v. Navarro-Espinosa, 30 F.3d 1169, 1170 (9th Cir. 1994); but see

United States v. Clay, 37 F.3d 338, 340 (7th Cir. 1994); United States v. Morillo, 8

F.3d 864, 869 n.8 (1st Cir. 1993) (dicta).

All we wish to add to what the Second Circuit said in Abreu-Cabrera is that

the Committee note explaining Rule 35(c) confirms the conclusion that the rule

was not meant to allow the kind of open-ended sentencing that would be permitted

if "the imposition of sentence" referred to the written judgment. That note says

the court's authority to correct a sentence under subdivision (c) of Rule 35 "is

intended to be very narrow," and the subdivision "is not intended to afford the

court the opportunity to reconsider the application or interpretation of the

sentencing guidelines or for the court simply to change its mind about the

appropriateness of the sentence." Advisory Committee Note to Rule 35(c). The

note also explains that the Committee rejected a proposal to allow modification of

a sentence within 120 days based upon new factual information, because "[t]he

Committee believed that such a change would inject into Rule 35 a degree of post-

sentencing discretion which would raise doubts about the finality of determinate

sentencing that Congress attempted to resolve by eliminating former Rule 35(a)."

Id. So would an interpretation of "the imposition of sentence" which postponed

the running of the seven-day clock until the written judgment was entered in a

case, an event that could be delayed for weeks or months after the sentence is orally imposed at the sentence hearing.

The seven-day period set out in Rule 35(c) begins to run when the sentence in a case is orally imposed, and when seven days are up the court loses jurisdiction to correct a sentence under that subdivision of the rule. It follows that the district court in this case was without jurisdiction under Rule 35(c) to impose a new sentence to correct one it had orally imposed thirteen days earlier. Without imposition of a new and corrected sentence before the seven days were up, the court's order on the fifth day vacating the initial sentence withered and is of no effect. Morrison is entitled to have his initial 24 month sentence reimposed.

VACATED AND REMANDED FOR REIMPOSITION OF SENTENCE.