NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007[*]
Decided May 17, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3480

| | |
|---|---|
| DANA MERINO, | Appeal from the United States |
|  *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
|  *v.* | |
| | No. 05 C 4380 |
| WILSON SPORTING GOODS CO., | |
|  *Defendant-Appellee.* | James F. Holderman, |
| | *Chief Judge.* |

## O R D E R

After developing what he considered to be an improved tennis ball retrieval device, Dana Merino entered into a licensing agreement with Wilson Sporting Goods ("Wilson") in 2000, granting Wilson the exclusive right to manufacture and sell the unpatented device. Though the license did not obligate Wilson to bring anything to market, Wilson eventually produced and sold a modified version of the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

device. Its right to modify the device was set out in the license. Wilson paid Merino all the royalties and advances due to him for the sale of the device. Wilson did not pursue a patent of the device, as the license designated that responsibility to Merino. Merino had the right to terminate the license in 2003 because Wilson was not selling a specified quantity of the device, but instead of doing so he negotiated to extend the license and his right to royalties on the unpatented device into 2007.

The above facts were undisputed in the district court, where Merino filed a rambling complaint in 2005 stating fraud, conspiracy, and breach of contract claims. Specifically, Merino argues that Wilson conspired to lock him into the licensing agreement in order to keep his product away from Wilson's competitors, allowing Wilson and its conspirators time to pirate his technology and release a device other than the one he invented. He does not argue, however, that Wilson impermissibly modified his device to avoid paying him royalties; he admits he was paid all royalties due to him. Instead, Merino argues that his injury resulted from Wilson's representation that the modified device was his invention, an act he claims constituted fraud. He further asserts that even the royalties paid to him constituted "fraud" because the device ultimately released by Wilson was not his. Additionally, he argues that Wilson was obligated to market the device more aggressively and to aid his efforts to obtain a patent, but instead sabotaged his patent applications, altered the licensing agreement, and coerced him to accept the modified device as his own invention. The district court granted summary judgment for Wilson after determining that the record was devoid of any evidence to support any of these contentions, and that on the undisputed facts Wilson complied with all its obligations under the license.

Merino's arguments on appeal are even more disconnected than those he made below. In fact, his brief contains violent and ungrounded rhetoric without any recourse to facts in the record or citations of legal authority, in violation of Fed. R. App. P. 28(a)(9). Nonetheless, because Merino is pro se, we have conducted our own thorough review of the record. We conclude that the district court correctly determined that there is no admissible evidence to support Merino's fraud, breach of contract, coercion, or conspiracy theories. Merino had the burden to demonstrate the existence of a genuine issue of material fact necessitating a trial on his allegations, and he has failed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). It is undisputed that Wilson paid Merino for the right to produce his device, to choose not to produce it, or to modify it. The district court was correct that all the evidence shows Wilson acted within its rights under the licensing agreement.

AFFIRMED.