[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2008
THOMAS K. KAHN
CLERK

No. 07-15920
Non-Argument Calendar

_____

D. C. Docket No. 07-00015-CR-01-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TALBIN D. ANDREWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 30, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Talbin Andrews appeals his sentence of imprisonment for 46 months for

bank robbery. 18 U.S.C. § 2113(a), (d). Andrews argues that his sentence is unreasonable. We affirm in part but vacate and remand in part with instructions to correct a clerical error.

When we review a sentence for reasonableness, we apply a deferential standard of review for abuse of discretion. See Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597 (2007). We reverse only if we conclude "that the district court has made a clear error of judgment." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (citations omitted). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); 28 U.S.C. § 3553(a). Although we do not apply a presumption of reasonableness, we ordinarily expect a sentence that falls within the guidelines range to be reasonable. See Talley, 431 F.3d at 787-88.

Andrews's sentence is reasonable. His sentence is at the low-end of the guidelines range. The district court considered the relevant sentencing factors, including the purposes of sentencing and Andrews's history and characteristics, and it determined, without any clear error in judgment, that a sentence of imprisonment for 46 months was sufficient but not greater than necessary. We affirm that decision.

The government raises an issue regarding the inconsistencies between the term of supervised release imposed by the district court at sentencing and the term of supervised release specified in the judgment and commitment order. We have explained that "purely clerical errors may be corrected by the district court pursuant to Rule 36, and it is always the oral sentence that controls." United States v. Morrison, 204 F.3d 1091 (11th Cir. 2000). We may sua sponte notice a clerical error in the judgment and remand with instructions to correct the error. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998). Because the judgment and commitment order does not accurately reflect the term of supervised release imposed by the district court, a remand is ordered for the limited purpose of correcting the judgment and commitment order to reflect the correct period of supervised release announced at sentencing.

We affirm Andrews's sentence but remand for the limited purpose of correcting the clerical error in the judgment.

**AFFIRMED in PART; VACATED and REMANDED in PART.**