NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2008
Decided August 21, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 07-2976 & 07-2988

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 66 -1 |
| DANA C. MERINO, *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Dana Merino waived indictment and pleaded guilty to a one-count information charging him with sending a threatening communication in interstate commerce. *See* 18 U.S.C. § 875(c). During contract litigation with Wilson Sporting Goods, Merino had sent letters to Wilson employees threatening to kill them if this court affirmed the dismissal of his complaint. *See Merino v. Wilson Sporting Goods Co.,* 235 Fed. App'x 369 (7th Cir. 2007). When arrested Merino was carrying a loaded gun in his car, and he already had acquired the addresses, phone numbers, and dates of birth of the people he had threatened. At sentencing the district court orally imposed a 10-month term of imprisonment, but that term was reduced to 167 days—time served in pretrial detention—in the second of three written judgments later entered by the court. These consolidated appeals arise from the

second and third judgments, but appointed counsel believes the appeals are frivolous and has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Merino to comment on counsel's submission, *see* CIR. R. 51(b), and in what Merino labels a "blind reply" he openly admits that he received but did not read counsel's *Anders* brief. Counsel's brief is adequate, and Merino's reply adds nothing of substance.

To address counsel's motion we must first sort through the procedural history. The district court conducted Merino's sentencing hearing on August 3, 2007, and orally imposed a 10-month term of imprisonment, with the first 167 days to be served in custody and the remainder in home confinement. The court also imposed a three-year term of supervised release, with no mention of home confinement during supervised release. At the sentencing hearing the district court also considered whether electronic monitoring would be appropriate during the period of home confinement, but ultimately decided to leave that decision to the probation office. That same day the court issued a written judgment committing Merino to the custody of the Bureau of Prisons "to be imprisoned" for a total of "ten months," with the "first 167 days" to be "spent in custody" and "the remainder . . . to be spent in home confinement." The written judgment also imposed a three-year term of supervised release to commence upon Merino's "release from imprisonment." The clerk's office entered this first judgment on August 8.

Two more judgments followed, both sua sponte. The first, which was issued on August 7 and entered by the clerk of the district court on August 9, purports to correct a clerical mistake under the authority of Federal Rule of Criminal Procedure 36. This judgment altered the term of imprisonment from 10 months to 167 days and directed that Merino be released "forthwith." The judgment also reimposed the three-year term of supervised release but added a directive that Merino serve the "first 4 and ½ months" of his supervised release "in home confinement without electronic monitoring." Then on August 21 the district issued its third judgment, again under the authority of Rule 36. This judgment is identical to the second, except that the period of home confinement was now to be "with electronic monitoring."

On August 17, 2007, after the district court had issued its second judgment, Merino filed a pro se notice of appeal. His notice of appeal does not reference either of the first two judgments but does make plain that he wanted to "appeal his guilty plea." We docketed this appeal as case no. 07-2966. On August 20 counsel filed a second notice of appeal, this one "from the final judgment entered in this action on the 9th day of August, 2007." We docketed this appeal as case no. 07-2976. Then on August 22 counsel filed a third notice of appeal, this one from the judgment issued on August 21. We docketed this last appeal as case no. 07-2988.

On August 27, this court conducted a jurisdictional screening, consolidated the two appeals filed by counsel, and issued an order explaining that "preliminary review" indicated that Merino's pro se appeal "duplicates later, timely appeals filed by counsel." We directed counsel (who no longer represents Merino) to either dismiss case no. 07-2966 voluntarily or else file a memorandum explaining why we should not dismiss the appeal as unnecessary. Counsel did neither, and on October 3, 2007, we dismissed that appeal and noted that "Merino's appeal from his conviction and sentence will proceed under Appeal Nos. 07-2976 and 07-2988."

This last statement was made without the benefit of the full record, and we question whether it is correct. Only Merino's pro se notice of appeal makes reference to the guilty plea underlying the first of the district court's three judgments, but that appeal has been dismissed. The third appeal has long been moot; that case arises not from a clerical correction under Rule 36 but from a substantive modification of a condition of supervised release. *See* 18 U.S.C. § 3583(e)(4); *United States v. Navarro-Espinosa*, 30 F.3d 1169, 1171 (9th Cir. 1994). The new condition—the requirement of electronic monitoring during Merino's home confinement—expired when the 4½ months of home confinement ended. So that leaves only case no. 07-2988, and unless we ignore the designation by counsel, *see* FED. R. APP. P. 3(c)(1)(B), that appeal calls up only "the final judgment entered . . . on the 9th day of August, 2007."

That judgment was purportedly authorized by Rule 36. But that cannot be right, because the second judgment did more than correct a clerical error in the original judgment. The original judgment tracked the oral pronouncement of sentence, so it cannot be characterized as mistaken. *See United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (explaining that oral pronouncement of sentence controls if written judgment is inconsistent); *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998) (same). The judgment entered on August 9 reduced the term of imprisonment from 10 months to 167 days, but Rule 36 provides for the correction of "clerical errors," not for wholesale changes to the terms of a sentence or for the correction of errors the court itself made in pronouncing sentence. *See United States v. Becker*, 36 F.3d 708, 710 (7th Cir. 1994); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993). The district court did not offer, nor can we divine, any conceivable jurisdictional predicate for its second judgment. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006); *Romandine v. United States*, 206 F.3d 731, 735 (7th Cir. 2000).

The revised sentence stands since it is not challenged by the government, *see Romandine*, 206 F.3d at 737, but because the alteration was made without jurisdiction, Merino's appeal from the second judgment does not call into question his underlying guilty plea, which is at the center of the only potential issues counsel has identified. "An appeal

from an order amending an earlier judgment does not independently bring before us the merits of the original decision." *LeBeau v. Taco Bell*, 892 F.3d 605, 608 (7th Cir. 1989). If this was not the case, defendants could defeat the time limits for filing a notice of appeal merely by asking the district court to enter a new judgment. *See* FED. R. APP. P. 4(b)*, LeBeau*, 892 F.3d at 608.

In any event, even if Merino's appeal from the second judgment confers jurisdiction for us to evaluate his guilty plea, we agree with appellate counsel that any challenge to that plea would be frivolous. Merino did not move to withdraw his guilty plea in the district court; he threatened to do so in various pro se filings but then changed lawyers and abandoned all objections to his plea. *See United States v. James*, 487 F.3d 518, 527-28 (7th Cir. 2007); *United States v. Traeger*, 289 F.3d 461, 471 (7th Cir. 2002). Our review thus would be for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). The only technical error in the plea colloquy is that Merino was not told of his right to counsel, *see* FED. R. CRIM. P. 11(b)(1)(D), but he was represented by appointed counsel at the hearing, so he must have known of this right, and the omission was harmless, *see United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988).

Because counsel has not identified any nonfrivolous issues on appeal, we GRANT the motion to withdraw and DISMISS the appeals.