**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL GONZALES,

Plaintiff - Appellant,

v.

TOMLIN; et al.,

Defendants - Appellees.

No. 08-17084

D.C. No. 1:03-cv-05363-LJO-DLB

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 21, 2010 [**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Michael Gonzales, a California state prisoner, appeals pro se following an

adverse jury verdict on his Eighth Amendment claims of excessive force. He

argues the district court erred by denying his request for additional discovery and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his motion for a continuance. He also argues he did not receive a fair trial because of witness perjury and judge and juror bias. We affirm.

**DISCUSSION**

Gonzales sought to reopen discovery to compel interrogatories from a non-party and to review documents already available to him. The district court did not clearly abuse its discretion by denying those requests. *See Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 587 F.3d 1006, 1015 (9th Cir. 2009) (noting review is "for a clear abuse of discretion"); *see also Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (noting the necessity of broad restrictions "when a nonparty is the target of discovery").

Gonzales also sought a continuance of the trial because a witness could not be located by either party. The district court did not err by denying that request. *See United States v. Navarro-Espinosa*, 30 F.3d 1169, 1171 (9th Cir. 1994) (holding district court did not err by denying a continuance when there was no showing "the witness could likely be obtained if the continuance were granted").

Finally, Gonzales' contention that his trial was not fair cannot be reviewed without a trial transcript. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) ("Because [appellant] did not provide a transcript of the trial, this

-2-

court cannot properly review this case on appeal."); *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989) ("When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument."). Gonzales did request a transcript at government expense, but the district court refused because the appeal "does not present a substantial question" as required by 28 U.S.C. § 753(f). We agree. Gonzales' claims of perjury and bias are neither substantial nor reviewable. *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008) (noting arguments not presented to the district court are waived); *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) (noting credibility of witnesses is not generally subject to appellate review).

**AFFIRMED**.[1]

---

[1]    We also deny Gonzales' motion for reconsideration of this court's denial of his request for transcripts.