[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10371
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20753-PAS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EARL SILAS, JR.,

Defendant-Appellee.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 5, 2013)

Before TJOFLAT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals the district court's resentencing of Earl Silas, Jr., pursuant to Federal Rule of Criminal Procedure 35(a).  The Government argues the district court lacked jurisdiction to resentence Silas because the resentencing was conducted more than 14 days after the original oral sentence was announced.

Under Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The word sentencing "means the oral announcement of the sentence."  Fed. R. Crim. P. 35(c).  We have held that the time limit of Rule 35(a) is jurisdictional and that any modification outside of that time limit is a "legal nullity."  *United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010) (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002).  If a sentence is vacated within the time limit, but a new sentence is not imposed before the time limit expires, the order "vacating the initial sentence wither[s] and is of no effect."  *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2004).

As conceded by Silas, the district court lacked jurisdiction to enter the amended order.  *Phillips*, 597 F.3d at 1196-97.  We are required to consider the district court's jurisdiction *sua sponte*, *see United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007), but even were we to look for invited error, we would find none because the Government objected to the Rule35(a) hearing and did not invite

2

any subsequent error because it never acquiesced or agreed to the lack of jurisdiction at resentencing.  Moreover, we have specifically said the failure to raise the Rule 35(a) time limit does not waive the issue on appeal.  *Morrison*, 204 F.3d 1093.  Accordingly, the district court lacked jurisdiction to enter the amended sentence of imprisonment.

**VACATED AND REMANDED.**