[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15702
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00015-SPM-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM H. BLACK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 1, 2013)

Before TJOFLAT, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

On January 31, 2002, a jury found William H. Black guilty of Count One of a two-count indictment: conspiracy, in violation of 18 U.S.C. § 371, to commit mail fraud, wire fraud, mail fraud, and obstruction of justice in violation of 18 U.S.C. §§ 13413, 1343 and 1505. On May 7, 2002, the District Court sentenced Black to 60-months' imprisonment[1] followed by a 36-months' term of supervised release, and ordered him to pay $12,228,077 in restitution.

On August 5, 2004, Black pled guilty to Count Two of the indictment, which charged him with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and the District Court sentenced him to a prison term of 51 months and 21 days and a 36-months' term of supervised release, to run concurrently with the sentence on Count One. As a condition of his supervised release, the court ordered Black to pay any outstanding restitution obligation in monthly installments of at least $250 starting no later than three months after his release from prison.

On January 31, 2011, while Black was on supervised release, his probation officer petitioned the District Court to revoke his term of supervised release for failing to make his monthly restitution payments. On August 9, 2011, after holding an evidentiary hearing, the court found that Black had failed to make the

---

[1] The sentence was to run consecutively to a sentence Black had received in the U.S. District Court for the Eastern District of Michigan.

2

payments, revoked his supervised release, and from the bench sentenced him to prison for a term of six months to be followed by 30 months of supervised release. In its written judgment filed on August 25, 2011, however, the court reserved "jurisdiction to reconsider Defendant's sentence within thirty days of the date of imposition of sentence (August 9, 2011) if" Black provided the court with an accounting of his finances.[2]  Black filed a motion for reconsideration of the sentence imposed on August 25, which the court ordered sealed.  The court denied the motion on September 1, 2011, but granted Black leave to file another motion for reconsideration by September 6, 2011.

On September 6, Black moved the court a second time for reconsideration of the August 25 sentence.  The court granted the motion in an order entered on September 7.  The order stated that "[t]he judgment imposed on August 9, 2011 is vacated," and that " [a]n Amended Judgment will be entered that provides as follows:

> a.  Defendant's supervised release remains revoked.
>
> b.  He is sentenced to a period of time served, to be followed by 36 months of supervised release.
>
> c.  Defendant is subject to the same conditions of supervised release imposed in the August 9, 2011 judgment and the May 10, 2002 judgment.  He shall make restitution payments in an

---

[2]  Specifically, the District Court requested that Black provide "the Government with a complete accounting of the settlement funds in case number 3:03cv651 in the United States District Court of South Carolina" and "a complete accounting of his assets."

amount not less than $250.00 each month or be subject to violation of the conditions or his release.

Black did not appeal this September 7, 2011 order.

After the court failed to enter an amended judgment, Black, on October 15, 2012, moved the District Court to terminate his supervised release pursuant to Federal Rule of Criminal Procedure 35(a). In his motion, Black argued that he was being illegally subjected to supervised release. His argument proceeded as follows: Rule 35(a) imposes a fourteen-day limit on a district court's authority to modify or amend a sentence. Once the District Court vacated his sentence on September 7, 2011, it had fourteen days to impose a new sentence. Because the court had not entered a sentence within that period, it no longer had jurisdiction to impose a sentence. Therefore, after the fourteen-day period, the September 7, 2011, order vacating Black's August 9, 2011, sentence converted into a final order, rendering Black's continued supervised release under the August 9, 2011, sentence illegal.

The court denied the motion on October 23, 2012. The next day, October 24, the court entered an amended judgment revoking the supervised release imposed by the court's August 5, 2004 judgment; sentencing Black to time served and, on his release from custody, placing him on supervised release for a term of 36 months; and requiring that he continue restitution payments of $250 per month. On October 29, 2012, Black appealed the October 23, 2012 judgment.

4

Black's argument on appeal is that the District Court lacked jurisdiction to enter an amended judgment more than fourteen days after issuing its September 7, 2011 order. While Black's claim is technically correct, the court lacked jurisdiction to modify Black's sentence well before September 7, 2011.

The fourteen-day period under Rule 35(a) "begins to run when the sentence in a case is orally imposed, and when [the fourteen] days are up the court loses jurisdiction to correct a sentence under that subdivision of the rule." United States v. Morrison, 204 F.3d 1091, 1094 (11th Cir. 2000). Here, the court orally imposed sentence on August 9, 2011. The court thus lost jurisdiction to impose a new sentence under Rule 35(a) on August 23, 2011. Assuming the court's order on September 7, 2011, was premised on Rule 35(a), it was void ab initio because it was entered fifteen days after Rule 35(a)'s fourteen-day period had elapsed. Accordingly, Black's August 9, 2011, sentence was not vacated by the September 7, 2011 order.

Indeed, Black's August 9, 2011, sentence remains in full effect. Although the District Court entered an amended judgment on October 24, 2012, it lacked the power to modify Black's August 9, 2011, sentence. As we have said,

> [t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets

5

certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

The District Court can only modify an imprisonment sentence under one of the three circumstances enumerated in 18 U.S.C. § 3582(c).  Because none of these circumstances is present here, the District Court lacked the authority to modify Black's sentence.  Its amended judgment of October 24, 2012, is therefore a nullity.  Had the court wanted to adjust Black's punishment based on whether he presented adequate financial disclosures to the court, it should not have imposed a sentence before receiving Black's submissions.

For the foregoing reasons, we affirm the District Court's denial of Black's motion to terminate his supervised release.  We also vacate the District Court's amended judgment of October 24, 2012.  Black must serve the sentence imposed on August 9, 2011.

AFFIRMED, in part; VACATED, in part.

6