[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14216
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00065-CG-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ADAM SHAW,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 11, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Mark Shaw appeals the district court's denial of his motion for reconsideration of the district court's order granting his motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  On appeal, Defendant argues that the district court abused its discretion in recalculating his guideline range during the § 3582(c)(2) proceeding by declining to give him credit for time he served in state custody.  We do not reach the merits of Defendant's argument, however, because we conclude that the district court lacked jurisdiction to entertain Defendant's motion for reconsideration.

## I.    BACKGROUND

In 2009, Defendant pled guilty to possession of a listed chemical with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c).  The Presentence Investigation Report assigned him a base offense level of 30 under U.S.S.G. § 2D1.1(c)(5).  He received several enhancements and adjustments, resulting in an adjusted offense level of 38.  With a three-level reduction for acceptance of responsibility, his total offense level was 35.  Based on a total offense level of 35 and a criminal history category of V, Defendant's guideline range was 262 to 327 months' imprisonment.  However, because the statutory maximum sentence was 240 months, his guideline range became 240 months' imprisonment pursuant to U.S.S.G. § 5G1.1(a).

At the sentencing hearing, the district court sustained Defendant's objections to certain enhancements, resulting in an amended guideline range of 168 to 240 months' imprisonment. The Government filed a substantial assistance motion, recommending that Defendant receive a 30% reduction from the low end of the guideline range, or in other words, approximately a 118-month sentence. Defendant requested an even greater departure on the basis that he would not receive credit for a period of time he spent in custody on related state charges. The district court granted the Government's substantial assistance motion and stated that it would credit Defendant for the time spent in custody since the issuance date of the federal writ: May 6, 2009. The district court declined to give Defendant credit for time spent in state custody prior to issuance of the federal writ. The district court sentenced Defendant to 118 months' imprisonment. In the written judgment, the district court recommended that the Bureau of Prisons credit Defendant for time served from May 6, 2009.

In January 2013, Defendant filed a motion to correct sentence pursuant to Federal Rule of Criminal Procedure 36. He argued that the district court had intended to credit him for time served in state custody on related charges from May 2009 until his sentencing date in December 2010. In an endorsed order, the district court denied Defendant's motion, stating that the judgment accurately reflected the court's intent to recommend that the Bureau of Prisons credit Defendant for the

3

time spent in state custody.  However, the district court's recommendation could not be carried out because the time was credited to another sentence.  Defendant filed a subsequent Rule 36 motion, which was also denied.

In November 2014, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.  The district court thereafter issued an order stating that a reduction of sentence based on Amendment 782 may be appropriate, as Defendant's amended guideline range based on Amendment 782 was 140 to 175 months' imprisonment.  Because Defendant had received a downward departure for substantial assistance at his original sentencing hearing, the district court determined that a comparable departure would be to 98 months' imprisonment.  The district court stated that unless either party filed any written objections, it would reduce Defendant's sentence to 98 months' imprisonment. The Government indicated that it had no objection to the reduction.

On December 29, 2014, the district court granted Defendant's motion and reduced his sentence to 98 months' imprisonment, effective November 1, 2015. Neither party appealed this order.

Nearly one year later, in December 2015, Defendant filed the present *pro se* motion, which he styled as a motion for reconsideration of the district court's order granting his § 3582(c)(2) motion.  He asked the court to use its discretion under

U.S.S.G. § 5G1.3(b) to award him credit for the 19 months and 10 days he served in state custody.

The Government filed a response, arguing that the district court could not award credit for time served under § 5G1.3(b), where the district court had not awarded the credit at the original sentencing hearing.

In an endorsed order, the district court denied Defendant's motion for reconsideration for the reasons stated in the Government's motion.

## II.    DISCUSSION

Defendant now appeals, arguing that the district court abused its discretion during the § 3582(c)(2) proceeding by not awarding him credit under § 5G1.3(b) for the time he spent in state custody.  We do not reach this issue, however, because the district court lacked jurisdiction to consider Defendant's motion for reconsideration.

We are required to consider the district court's jurisdiction *sua sponte*. *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007).  We review *de novo* whether a district court had jurisdiction to modify a defendant's sentence. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *Id.* at 1194–95.  Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except:

(1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c).

Rule 35(a) provides that a court may correct a sentence containing arithmetical, technical, or clear error within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  We have held that Rule 35's time limit is jurisdictional and a district court has no "inherent authority" to modify a sentence outside of those time limits.  *See Phillips*, 597 F.3d at 1196–97 (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002)).  Moreover, we have applied the time limits of Rule 35(a) to sentencing proceedings under § 3582(c)(2).  *Phillips*, 597 F.3d at 1198–99.  In *Phillips*, the district court granted the defendant's § 3582(c)(2) motion and reduced his sentence.  *Id.* at 1192.  After expiration of the time period for filing a Rule 35(a) motion, the Government filed a motion for reconsideration of the district court's order granting the defendant's § 3582(c)(2) motion.  *Id.* at 1193.  The district court later granted the Government's motion for reconsideration, set aside the reduced sentence, and re-imposed the original sentence.  *Id.*  On appeal, we concluded that when a district court grants a

6

§ 3582(c)(2) motion and reduces a defendant's sentence, the district court is "again" sentencing the defendant and "the strictures of Rule 35 apply." *Id.* at 1199. Thus, we determined that the district court lacked jurisdiction to modify the defendant's sentence pursuant to the Government's motion for reconsideration once the time period under Rule 35 had expired. *Id.*

Here, because the district court granted Defendant's § 3582(c)(2) motion and reduced his sentence from 118 months to 98 months' imprisonment, the district court's authority to further modify Defendant's sentence was limited. *See* 18 U.S.C. § 3582(c); *Phillips*, 597 F.3d at 1195–96, 1199. "The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195; *see also United States v. Anderson*, 772 F.3d 662, 667 (11th Cir. 2014) (explaining that once a new sentence is imposed under § 3582(c)(2), the requirements of Rule 35 apply and the district court only has 14 days to correct a sentence). The district court granted Defendant's § 3582(c)(2) motion on December 29, 2014. However, Defendant did not file his motion for reconsideration until one year later, in December 2015, which was well beyond Rule 35(a)'s 14-day period. Fed. R. Crim. P. 35(a). The district court therefore lacked jurisdiction to entertain Defendant's motion for reconsideration because it

was without authority to modify Defendant's sentence after the 14-day period expired. *Phillips*, 597 F.3d at 1195–96, 1199.[1]

Accordingly, we vacate the district court's order denying Defendant's motion for reconsideration of its order granting his § 3582(c)(2) motion and remand with instructions for the district court to enter an order dismissing Defendant's motion for reconsideration for lack of jurisdiction.

**VACATED AND REMANDED.**

---

[1] It is of no consequence that the Government does not argue that the district court lacked jurisdiction to consider Defendant's motion for reconsideration. Indeed, we have held that the failure to raise the Rule 35 time limit does not waive the issue on appeal. *See United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000).